# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AARON BLONDEAU,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 10CR3871-LAB<br><br>**ORDER DENYING JOINT APPLICATION FOR SENTENCE REDUCTION PER AMENDMENT 782 (2014) AND 18 U.S.C. § 3582(c)** |

　　　　Defendant, Aaron Blondeau, with the acquiescence and support of the government, has filed a motion pursuant to 18 U.S.C. § 3582(c) ("Joint Application for Sentence Reduction" or "Joint Application") asking the Court to reduce his sentence for drug trafficking. The parties maintain that the defendant is eligible for a sentence reduction, but the Joint Application is ambiguous on the nature and extent of the sentence reductions Blondeau received when he was originally sentenced. The Joint Application states the Court originally departed downward 9-levels for a "Qualifying Chapter 5 Departure." However, an asterisk appears next to that statement and at the bottom of the same page, in tiny letters, there is another asterisk with the notation "§ 5K3.1 -2." It's not entirely clear what the parties mean by "Qualifying Chapter 5 Departure," but it appears that they intended it as a catch-all term for all the departures that they factored into their calculation of the defendant's Amended Guidelines. If so, there's a flaw in their calculations.

      Courts in this district have consistently – and repeatedly – ruled that the only departure that counts in calculating a defendant's Amended Guidelines is one for Substantial Assistance (§ 5K1.1) *See, e.g.*, *United States v. Avalos*, __ F. Supp. __ , 2015 U.S. Dist. LEXIS 167658 (S.D. Cal., December 15, 2015); *United States v. Margain-Delgado*, __F. Supp. __, 2015 U.S. Dist. LEXIS 142524 (S.D. Cal. October 20, 2015); *United States v. Gutierrez-Zuniga*, __F. Supp. __, 2015 U.S. Dist. LEXIS 97014 (S.D. Cal. July 23, 2015). Fast Track departures, in particular, don't count. *Id.*  It is perplexing therefore that the Court continues to receive Joint Applications for Sentence Reductions from the government and from Federal Defenders that presume other departures besides ones for Substantial Assistance do count in calculating a defendant's Amended Guidelines. At a minimum, counsel who sign these pleadings – and thereby vouch for their accuracy – should point out in clear terms that their method of calculation has been repeatedly disapproved in written orders issued by many courts in this district.

      Under the rules of practice applicable in federal courts and the courts of virtually every state, an attorney may not knowingly fail to disclose controlling authority that is directly adverse to the position he or she advocates. *See, e.g.*, Cal. Rules Prof. Conduct, Rule 5-200(B) (counsel shall not mislead the court regarding the facts or law); ABA Model Code Prof. Responsibility, DR 7-106(B)(1) (lawyer shall disclose to the court legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel); ABA Model Rules Prof. Conduct, Rule 3.3 (lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel).  The Ninth Circuit has observed that this rule "is an important one, especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball." *Transamerica Leasing, Inc v. Compania Anonima Venezolana de Navegacion*, 93 F.3d 675, 675-76 (9th Cir.1996).   Ensuring candor toward the court is especially important when, as here, both

/ / /

parties advocate a particular result, and the pleadings lack the usual adversarial sharpness that characterize motion practice.

Examples abound of courts approving disciplinary action against attorneys who knowingly fail to disclose adverse authority. *See, e.g.*, *Southern Pacific Transp. Co. v. Public Utilities Comm'n. of State of Cal.*, 716 F.2d 1285, 1291 (9th Cir.1983) (characterizing an attorney's failure to acknowledge controlling precedent as "a dereliction of [its] duty to the court ..."); *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir.1990) (where counsel fails to cite controlling case law that renders its position frivolous, he or she "should not be able to proceed with impunity in real or feigned ignorance of them, and sanctions should be upheld."); *Malhiot v. Southern California Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir.1984) (sanctioning party sua sponte under 28 U.S.C. § 1927 for deliberately misquoting statute); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir.1987) (awarding sanctions in part because argument on appeal ignored controlling Supreme Court authority); *McEnery v. Merit Sys. Protection Bd.*, 963 F.2d 1512, 1516-17 (Fed.Cir.1992) (awarding sanctions on appeal for failing to reference or discuss controlling precedent); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 766 (11th Cir.1989) (noting that counsel must acknowledge the binding precedent of the circuit). These cases recognize that while courts should encourage attorneys to assert novel legal theories, attorneys must nonetheless acknowledge authority that is directly adverse to their positions. Counsel are reminded of these standards going forward.

The Court DENIES the Joint Application WITHOUT PREJUDICE. If the parties wish to resubmit it for reconsideration by this Court, they must: (1) supply the Court with a copy of the sentencing transcript in this case; (2) append to the Joint Application an amended Sentencing Summary Chart specifically delineating the extent of the departure the defendant received for Substantial Assistance, as opposed to any other form of departure (including Fast Track) that was granted; and (3) bring to the Court's attention any authority, issued by

/ / /

/ / /

courts of this district or by the Ninth Circuit, that is adverse to their legal position that departures other than those for Substantial Assistance may be counted in calculating a defendant's Amended Guidelines.

**IT IS SO ORDERED**.

DATED: March 15, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge